ALICE SCHWARTZ, PLAINTIFF-RESPONDENT, v. FEDERAL DEPOSIT INSURANCE CORPORATION, DEFENDANT-APPELLANT.

Argued May 6, 1941—Decided June 13, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Carey & Lane.*

For the respondent, *Nathan Baker.*

The opinion of the court was delivered by

PARKER, J. The appeal is from a judgment for plaintiff in an accident case. Defendant was the owner of a two-family house, rented to one family on the ground floor and to another family of the floor above, which was reached by a staircase leading only to that floor from a separate street door. Plaintiff was visiting the tenants of the upper floor, and on leaving had to descend the staircase. It was 11:00 P. M. and of course dark outside. The staircase, a mere flight of steps between two walls was unlighted at the time. At the top the last few steps were arranged fanwise so that the exit there was at right angles to the body of the staircase, each tread varying from full width at one end to zero at the other. There was a light fixture at the top, out of order, and one at the bottom that was working but of little or no use to show the plaintiff where she was stepping. The witness Elkin, who lived there, was assisting her to make the turn, but he was on the broad end of the treads and she on the narrow end, and she missed her footing and fell.

The theory of the suit against the defendant owner was that it had retained management of the lighting fixtures (and indeed of the repair and supervision af the stairway), to such an extent as to be under a duty of care as regards the tenants

and their visitors. The case was tried with a jury, and submitted to them over motions to nonsuit and direct a verdict for defendant. The points argued for error are rulings on evidence, denial of the motions just mentioned, and exceptions to the charge.

A fundamental question is whether there was evidence for the jury, on which defendant could be charged with a duty of care as respects the plaintiff. If the house had been in what may be called the "tenement house" class, where the owner retains control of the stairs and passageways common to two or more tenants, there would be little difficulty on this point: but in this case the situation, as claimed by the plaintiff, was that of a single tenant with his own exclusive stairway from the street. At common law that situation, without more, imposed on the landlord no duty of repairs or maintenance, that duty resting on the tenant: *Heintz* v. *Bentley,* 34 *N. J. Eq.* 562, 569; *Naumberg* v. *Young,* 44 *N. J. L.* 331; *Mullen* v. *Rainear,* 45 *Id.* 520; *Lyon* v. *Buerman,* 70 *Id.* 620. But in recent years it has been customary for landlords to make repairs, and our courts have held this evidential of retention of control and possession in the landlord. *Taylor* v. *Majestic Building and Loan Association,* 14 *N. J. Mis. R.* 699; *Dubonowski* v. *Howard Savings Institution,* 124 *N. J. L.* 368, 370. In each of those cases there was an omission to make needed repairs; and it was open to the jury to find the existence of a similar situation in the present case. There was evidence introduced on the plaintiff's case that the landlord had, on telephone call, sent its agents to make minor repairs, such as the plumbing, and the furnace. The witness Elkin, who lived in the apartment with his parents, testified that he "used to call up [the defendant] for any repairs;" and that about a week before the accident something was wrong with the light bracket at the head of the stairs, that he had called up the company's office on Bergen avenue "about the light being out of order," and that some one came to fix it, but not until two weeks after the accident; that he was present when it was fixed. But more than this, after a motion to nonsuit had been denied, a witness for defendant named Frisco testified that as an employe of defendant his duty was

to attend to repairs including lighting fixtures: that no one else was in charge of this: and that he had never received any complaint about the light, nor had anyone gone by his authority to fix it. Motion to direct a verdict for defendant was denied, and the jury were charged, and returned a verdict for plaintiff.

If the assumption by defendant of a duty to keep the light in repair was a matter of doubt when the plaintiff rested, that doubt was fully resolved by the Frisco testimony; and the remaining question of fact is whether there was evidence on which the jury could find that a request by telephone to repair the fixture had been received at the defendant's office. If so received, defendant was charged with the duty of repair with reasonable diligence, and would be accountable for the damage due to unreasonable delay in performing that duty.

On the question whether the defendant had received notice of the need of repair, as testified to by the witness Elkin, the evidence, as appears above, is meagre and is contradicted by the testimony of Frisco, but we think a fair issue of fact was raised on this point and that the court did not err in refusing to nonsuit on that ground; and this apart from the further testimony of Elkin that some one had come and repaired the fixture some two weeks after the accident.

These considerations we think sufficiently dispose of the first main point made for reversal.

The second point alleges error in rulings on the admission of evidence. First it is claimed for the appellant that the admission of evidence respecting the absence of any banister on these stairs was prejudicial and was erroneous, because there was nothing to show that the landlord was under any obligation to provide such a banister. It should be borne in mind that the state of demand charged negligence in a number of respects, but at the trial the plaintiff, abandoning all others, argued the case on the sole theory of negligence in failing to repair the light with due diligence. However, we consider that the plaintiff even on this limited theory was entitled to show the physical situation in respect to the staircase, and that the testimony of the absence of a banister was relevant by way of indicating the importance of maintaining

a suitable light on such a staircase where there was nothing which the plaintiff descending those stairs could take hold of for support or to steady herself.

The other branch of this point relates to the admission of testimony regarding the previous and subsequent repairs made by the plaintiff not directly connected with the accident. If there was any possible error in admitting this testimony, which we greatly doubt, it was entirely cured by the frank statement of Mr. Frisco already outlined in which he averred that the defendant had always undertaken to keep the premises in repair.

The third and last point relates to alleged errors in the charge of the court. Under this heading there are two specifications, Nos. 5 and 6. Specification No. 5 asserts error by the court in a lengthy extract of the charge which covers over five pages of the printed case and involving a considerable number of separate instructions. We think that no rule is better settled than that such an assignment of error is futile. *Drummond* v. *Hughes,* 91 *N. J. L.* 563, 564; *State* v. *Contarino,* 92 *Id.* 381, 385; *McKenna* v. *Reade,* 105 *Id.* 408, 413, 414; *Morrison* v. *Berger,* 8 *N. J. Mis. R.* 218, 220; *Schlosser* v. *Goldberg,* 123 *N. J. L.* 470; *Max* v. *Max,* 123 *Id.* 580, 586.

Finally (specification 6), that there was error in charging the jury that the limit of recovery was $500. Certainly there was no legal error in that proposition. The argument is that the instruction "had the effect of depriving the defendant of a free consideration by the jury to the testimony in the case." We think that the instruction was entirely proper and, as stated by the court, was given to the jury in order to avoid the possibility of a verdict of more than the statutory limit. Counsel cite the case of *Taylor* v. *Berner,* 106 *N. J. L.* 469, but in that case, which was also a District Court case, the instruction was that if the jury should find the plaintiff entitled to a judgment, it could not be more than $500; but if the defendants were guilty of negligence it should not be less. That is a very different matter.

We find no harmful error and the judgment under review will be affirmed.